176; and Ford v. State, Tex.Cr.App., 272 S.W.2d 740.

2. They contend that the cumulation of the punishments by the court was ineffective. The jury assessed the punishment for the first offense at one year in jail. For the second offense, they assessed the punishment of a fine of $100, and, for the third,. they set the punishment at one year in. jail and a fine of $50.

A single judgment was entered which recited the verdicts and assessed the appellant's punishment at two years in jail and a fine of $150.

This being a misdemeanor case, this constituted effective cumulation. Abston v. State, 158 Tex.Cr.R. 88, 253 S.W.2d 41, and Palma v. State, 159 Tex.Cr.R. 218, 262 S.W. 2d 486.

Finding no reversible error, the judgment of the trial court is affirmed.

No appearance for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review. The judgment is affirmed.

Cecil RICHARDSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 28094.

Court of Criminal Appeals of Texas.

Feb. 22, 1956.

Bobby G. MITCHELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 28097.

Court of Criminal Appeals of Texas.

Feb. 22, 1956.

No appearance for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review. The judgment is affirmed.

Carl JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 28013.

Court of Criminal Appeals of Texas.

Feb. 8, 1956.

Desmond E. Gay, Houston, for appellant.

Dan Walton, Dist. Atty., Eugene Brady, Thomas D. White, Asst. Dist. Attys., Houston, Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The offense is burglary with a prior conviction for an offense of like character alleged for the purpose of enhancement; the punishment, twelve years in the penitentiary.

The state's witness, Glauser, testified that a building which he owned and occupied was entered, while it was closed, by someone without his consent by removing a screen and forcing a window open; and that several blank checks which were in a desk in the building were taken which he identified at the trial as State's Exhibit Nos. 1 and 2.

Two witnesses for the state identified appellant as being the person who came into their places of business, introduced himself as Jerry Perlitz and presented identification papers indicating that he was such person and passed checks to them which they identified as the checks which were marked State's Exhibit Nos. 1 and 2.